**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**AIKEN DIVISION**

| | | |
|---|---|---|
| Darryl Keith Louis, Jr., Plaintiff, v. Joel Anderson, Defendant. | ) | Civil Action No. 1:25-2958-BHH-SVH **REPLY TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION** |

On August 15, 2025, Magistrate Judge Shiva V. Hodges issued a Report and Recommendation and Order recommending that the Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Orde be denied. (ECF #36). The Plaintiff has filed objections to that Report and Recommendation. (ECF #43). The Defendant requests that the Court reject those objections and adopt the well-reasoned and analyzed Report and Recommendation by the Magistrate Judge.

The Plaintiff asks this Court to issue a mandatory preliminary injunction enjoying any policy that prohibits the Plaintiff from wearing a kufi on transport rides in accordance with his religious beliefs. In recommending the denial of the Plaintiff's Motion for Preliminary Injunction, the Magistrate Judge concluded that "the court does not have a clear picture of the current situation as is necessary to warrant the extraordinary remedy of granting Plaintiff's motion." (ECF #36, p. 11). Specifically, the Magistrate Judge explained:

> Plaintiff has failed to identify an SCDC policy that substantially burdens his religious exercise and instead challenges what may or

> may not be an informal practice inconsistently enforced, particularly where he is currently housed. At this stage in the proceedings, there is insufficient evidence for the court to determine the contours of the specific policy or practice Plaintiff is challenging where he has not identified a specific applicable policy, has only offered the position of a warden at an institution where he is not currently housed, and where he has offered evidence at his current institution that, once, he was allowed to wear his kufi on a transportation ride, and, once, he was not. Therefore, at this time, Plaintiff has failed to carry his burden to show a clear likelihood of success on the merits that SCDC has instituted a policy that substantially burdens his exercise of religion.

(ECF #36, p. 8).

The Plaintiff references a grievance that he submitted at Ridgeland Correctional Institution on January 23, 2025, to which the Warden at Ridgeland, Lavern Cohen, responded with the explanation that SCDC Policy PS-10.05 provides that "Muslim inmates may wear a white kufi head covering throughout the facility, indoors and outdoors. It has not been approved for inmates to wear a kufi outside the institution." (ECF #1-1, p. 4).

In response to that grievance, the Plaintiff filed the current lawsuit. However, the Plaintiff has not demonstrated that he has exhausted his administrative remedies. The wearing of a kufi by Muslim inmates is addressed in Section 15 of the "Al-Islam (Muslim) section of Handbook which is part of SCDC Policy PS-12.05 titled "Inmate Religion." Section 15 states, in pertinent part, as follows: "Muslim inmates may wear a white kufi head covering throughout the facility, indoors and outdoors." Section 15 does not, however, explicitly address whether a kufi may be worn outside of an institution such as during transport. However, where new issues arise, SCDC Policy PS-12.05 provides for a procedure for an inmate to request revisions to the religious practices as addressed in the Handbook. Section 4.7 states:

> Recognized faith groups that request a revision of either the beliefs and/or practices as listed in the Handbook will submit the proposed

> change/request to the Chaplain at his/her institution with a complete description of the requested revision and supporting information from official written documents. The request will be reviewed by the Chaplain and forwarded to the Chief, Pastoral Care Services along with the recommendation of the institutional Chaplain. The request will be considered at the time of the policy's annual review.

As a prerequisite for seeking the injunctive relief sought in this litigation, the Plaintiff must initially demonstrate that he has fully complied with SCDC policy that governs that process. The Plaintiff, however, has not pled nor presented proof that he has complied with that process. In other words, there is no evidence that the Plaintiff has made a request for an amendment to Section 15 of the "Al-Islam (Muslim) section of Handbook by way of full compliance with the requirements of Paragraph 4.7. As a result, the Plaintiff's request for both preliminary injunctive relief and permanent injunctive relief as sought in this litigation is not ripe for adjudication, and hence, the Plaintiff has not demonstrated a justiciable claim.

While the Plaintiff has submitted a Step 1 and Step 2 grievance with his original Complaint, that is not sufficient to demonstrate exhaustion of his administrative remedies and, in particular, full compliance with the process set forth in Paragraph 4.7. The grievances may show PLRA exhaustion but not that the claim for relief is ripe. In fact, it is important to note that Warden Cohen correctly advised the Plaintiff that "[i]t has not been approved for inmates to wear a kufi outside the institution." (ECF #1-1, p. 4). The Plaintiff, however, has not shown that he has taken the appropriate steps, as allowed by policy, to seek a change in the kufi policy to extend the practice of wearing a kufi, which is permitted within the institutions, to also be allowed outside of the institutions while on transport rides.

In addition to the Plaintiff's claims not being ripe given his failure to demonstrate compliance with Paragraph 4.7, the Plaintiff's own allegations do not demonstrate that he has

been denied the opportunity to wear a kufi while on transport rides and certainly not at his current institution, which is now Kirkland Correctional Institution. As the Magistrate Judge acknowledged, the Plaintiff did not identify a single occasion where he attempted to wear a kufi during transport and was denied or even disciplined. *See*, ECF #36, p. 7. ("Plaintiff has also submitted his own declaration in conjunction with his reply, but he does not address this issue himself"). More specifically, the Plaintiff has not shown that he has been denied the opportunity to wear a kufi on transport rides while at his current institution, which is Kirkland, or even when he was at Wateree, which was his institution when the motion was filed. Of note, the Plaintiff did file in supports of his current motion an affidavit of Keyon Bowman, a fellow inmate at Wateree, who attests that "Darryl Louis recently went on a transportation ride on April 10, 2025 wearing his kufi." *See*, Bowman Aff., ¶ 12. (ECF #25-3, p.2). While the Plaintiff does not address any specific events at Wateree or Kirkland, he does concede in his affidavit that "[t]here was a few times I was permitted to wear my kufi w/o any conflict." *See*, Louis Aff., ¶ 13. (ECF #25-2, p. 2). Thus, the evidence fails to show that the Plaintiff has presented this Court with a justiciable claim for which he even has standing at this point.

The Plaintiff now attempts to supplement the record by submitting an additional declaration, but that declaration should not be considered because it was not before the Magistrate Judge.[1]

---

[1] It is well settled that the District Judge need not decide an issue that a litigant waives by failing to first raise it before the Magistrate Judge. In *ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F.Supp.3d 607 (D.S.C. 2017), this Court explained:

> A magistrate's decision should not be disturbed on the basis of arguments not presented to him. The purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on the district courts and to relieve courts of unnecessary work. Allowing parties to raise new issues or arguments at any point in the life of a case would frustrate this purpose and result in a needless complication of litigation. Instead, parties should fully

Nonetheless, even if that declaration is considered, it simply shows that the facts presented by the Plaintiff are inconsistent and in conflict and do not, at any rate, support his position that SCDC has adopted an unconstitutional policy. At best, it shows that some times he is able to wear the kufi on transport rides and some times he is not allowed to do so. That does not demonstrate an unconstitutional policy has been adopted or enforced.

In order to succeed on his current motion seeking a preliminary injunction, the Plaintiff must be able to show that he is likely to succeed on the merits. The Plaintiff has not made that showing. To recap, the Plaintiff's evidence from Inmate Bowman demonstrates that he has not been denied wearing a kufi during transport rides while at Wateree. Moreover, the Plaintiff has not shown that the SCDC Religion Policy explicitly prohibits the wearing of a kufi outside the institution. Section 15 of the Al-Islam (Muslim) section of the Handbook allows the wearing of a kufi within an institution but does not address – either allowing or prohibiting – the practice on transport rides or outside an institution. Finally, the Plaintiff has certainly not shown that he has complied with the dictates of Section 4.7 and sought an amendment to the Section 15 of the Al-Islam (Muslim) section of the Handbook to address that issue internally and without bringing that issue prematurely before this Federal Court.

Accordingly, based on the foregoing and the memorandum previously filed, the Court is respectfully requested to reject the Plaintiff's objections and to deny the Motion for Preliminary Injunctive Relief and Temporary Restraining Order.

---

> plead their claims, and fully advance their arguments, at all stages of litigation, unless they are prepared to waive them. Thus, the court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's report. While the court has the power to address such arguments, that power lies within the court's sound discretion.

273 F.Supp.3d at 620. (Citations omitted).

Respectfully submitted,

LINDEMANN LAW FIRM, P.A.

BY: *s/ Andrew F. Lindemann*

ANDREW F. LINDEMANN #5070
5 Calendar Court, Suite 202
Post Office Box 6923
Columbia, South Carolina 29260
(803) 881-8920
Email: andrew@ldlawsc.com

*Counsel for Defendant Joel Anderson*

September 16, 2025