IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darryl Keith Louis, Jr., also known as Sadiq, | ) ) ) |
| Plaintiff, | ) ) ) Civil Action No. 1:25-cv-2958-BHH-SVH |
| v. | ) ) ) **ORDER** |
| Joel Anderson, | ) ) |
| Defendants. | ) ) |

Plaintiff Darryl Keith Louis, Jr., ("Plaintiff"), also known as Sadiq, filed this *pro se* action on April 7, 2025, against Joel Anderson, Director of the South Carolina Department of Corrections ("SCDC"). (ECF No. 1.) On May 22, 2025, Plaintiff filed an amended complaint, wherein he alleges that certain SCDC policies violate his sincerely held religious beliefs and violate the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, *et seq.* ("RLUIPA"). (ECF No. 17.)

On June 13, 2025, Plaintiff filed a motion for a temporary restraining order ("TRO") and a preliminary injunction. (ECF No. 25.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to a United States Magistrate Judge for preliminary determinations.

On August 15, 2025, the Magistrate Judge issued an Order and Report and Recommendation ("Report"), outlining the issues and recommending that the Court deny Plaintiff's motion for injunctive relief. (ECF No. 36.) Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. On September 2, 2025, Plaintiff filed objections to the Magistrate Judge's Report as well as a declaration in support of his

objections.  (ECF Nos. 43, 43-1.)  Defendant filed a response to Plaintiff's objections on September 16, 2025.  (ECF No. 51.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

## DISCUSSION

In her Report, the Magistrate Judge outlined the appropriate standard for granting a temporary restraining order or preliminary injunction.[1]  Then, after reviewing the applicable law and Plaintiff's allegations, she found that Plaintiff failed to show that he is likely to succeed on the merits of his claim.  (*See* ECF No. 36 at 4-7.)  The Magistrate Judge noted that "Plaintiff's evidence from his previous warden does not necessarily apply to what is happening at his current institution," and she found that Plaintiff failed to identify

---

[1] As the Magistrate Judge explained, the substantive standard for granting either a temporary restraining order or a preliminary injunction is the same, and a party seeking either must establish: "that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "To obtain a preliminary injunction under the *Winter* test, a movant must make a 'clear showing' of [the] four requirements." *Alkebulanyahh v. Nettles*, 2011 WL 2728453, at *3 (D.S.C. July 13, 2011); *see also Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) ("*Winter* thus requires that a party seeking a preliminary injunction . . . must clearly show that it is likely to succeed on the merits.") (internal quotation marks omitted).  As the Supreme Court has noted, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

an SCDC policy that substantially burdens his religious exercise. (*Id.* at 7-8.)

In his objections and his declaration in support of his objections, Plaintiff asserts that new evidence supports his request for preliminary injunctive relief. Specifically, Plaintiff asserts that, subsequent to the Magistrate Judge's issuance of her Report, he went on three additional transport rides and was prohibited from wearing his kufi. (ECF No. 43 at 4.) Plaintiff also asserts that he has identified the SCDC policy that substantially burdens his religious exercise, and that the new evidence shows that SCDC enforces the policy where he is currently housed. In addition, Plaintiff asserts that he has exhausted his administrative remedies with respect to his claim, although Defendant argues otherwise in response to Plaintiff's objections. (*Cf.* ECF Nos. 43, 51.)

Here, because the Court finds the information outlined in Plaintiff's objections and his declaration relevant to Plaintiff's motion for injunctive relief, the Court declines to rule on Plaintiff's motion at this time and instead recommits this matter to the Magistrate Judge for further consideration of Plaintiff's motion in light of his objections and his declaration in support of his objections. (*See* ECF Nos. 43, 43-1.)

## CONCLUSION

Based on the foregoing, the Court recommits this matter to the Magistrate Judge for further consideration in light of Plaintiff's objections and declaration in support of his objections.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 30, 2025
Charleston, South Carolina