**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**AIKEN DIVISION**

| | |
|---|---|
| Darryl Keith Louis, Jr., Plaintiff, | Civil Action No. 1:25-2958-BHH-SVH |
| v. | **DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION** |
| Joel Anderson, Defendant. | |

On October 6, 2025, Magistrate Judge Shiva V. Hodges issued a Report and Recommendation recommending that the District Judge "grant Plaintiff's motion for preliminary injunction enjoining the kufi regulation against Plaintiff." (ECF #58, p. 15). The Defendant Joel Anderson objects to the recommendation on the following bases:

The Plaintiff asks this Court to issue a mandatory preliminary injunction enjoying any policy that prohibits him from wearing a kufi on transport rides in accordance with his religious beliefs. In his motion, the Plaintiff referenced a grievance that he submitted at Ridgeland Correctional Institution on January 23, 2025, to which the Warden at Ridgeland, Lavern Cohen, responded with the explanation that SCDC Policy PS-10.05 provides that "Muslim inmates may wear a white kufi head covering throughout the facility, indoors and outdoors. It has not been approved for inmates to wear a kufi outside the institution." (ECF #1-1, p. 4).

In response to that grievance, the Plaintiff filed the current lawsuit. However, the Plaintiff has not demonstrated that his claim for relief, including his request for preliminary injunctive relief, is ripe for adjudication.

As the Defendant has shown, the wearing of a kufi by Muslim inmates is addressed in Section 15 of the "Al-Islam (Muslim) section of Handbook which is part of SCDC Policy PS-12.05 titled "Inmate Religion." Section 15 states, in pertinent part, as follows: "Muslim inmates may wear a white kufi head covering throughout the facility, indoors and outdoors." Section 15 does not, however, explicitly address whether a kufi may be worn outside of an institution such as during transport. While the Magistrate Judge recommends a preliminary injunction be granted "enjoining the kufi regulation against Plaintiff" (ECF #58, p. 15), it is unclear what "kufi regulation" is to be enjoined since Section 15 does not even address whether a kufi may or may not be worn outside the institution. There is no policy prohibition to enjoin because the policy is silent on the issue.

However, where new issues arise, SCDC Policy PS-12.05 provides for a procedure for an inmate to request revisions to the religious practices as addressed in the Handbook. Section 4.7 states:

> Recognized faith groups that request a revision of either the beliefs and/or practices as listed in the Handbook will submit the proposed change/request to the Chaplain at his/her institution with a complete description of the requested revision and supporting information from official written documents. The request will be reviewed by the Chaplain and forwarded to the Chief, Pastoral Care Services along with the recommendation of the institutional Chaplain. The request will be considered at the time of the policy's annual review.

As a prerequisite for seeking the injunctive relief sought in this litigation, the Plaintiff must initially demonstrate that he has fully complied with SCDC policy that governs that process. The

Plaintiff, however, has not pled nor presented proof that he has complied with that process. In other words, there is no evidence that the Plaintiff has made a request for an amendment to Section 15 of the "Al-Islam (Muslim) section of Handbook by way of full compliance with the requirements of Section 4.7. As a result, the Plaintiff's request for both preliminary injunctive relief and permanent injunctive relief as sought in this litigation is not ripe for adjudication, and hence, the Plaintiff has not demonstrated a justiciable claim.

On this issue, the case of *Taylor v. Byars*, 2012 WL 2149756 (D.S.C. 2012), as adopted in 2012 WL 2149761, is instructive. This Court's decision was later affirmed by the Fourth Circuit, which adopted this Court's reasoning. *See*, *Taylor v. Byars*, 490 Fed. Appx. 603 (4th Cir. 2012). In that case, an SCDC inmate alleged that he was a practitioner of the religion Shetaut Neter and "that Defendants have violated his rights by denying his request to have the religion recognized as an official faith in the SCDC." 2012 WL 2149756, *1. While dismissing the case for failure to exhaust administrative remedies under the PLRA, this Court further recognized that the inmate "makes no allegation that he had initiated the process to seek official recognition of the religion, that the process outlined in SCDC Policy PS-10.05 was not complied with, or that Shetaut Neter has been denied official recognition by the acts of any SCDC officials." 2012 WL 2149756, *3. If effect, this Court agreed that the plaintiff's claim was also not ripe for adjudication.

While the Plaintiff has submitted a Step 1 and Step 2 grievance with his original Complaint, that is not sufficient to demonstrate compliance with the process set forth in Section 4.7. The grievances may show PLRA exhaustion, but PLRA exhaustion alone does not automatically make a claim ripe for adjudication and justiciable as a matter of law. This is the very point of law that the Magistrate Judge has overlooked or misapprehended. Contrary to the

discussion in the Report and Recommendation, the Defendant is not arguing that the Plaintiff failed to exhaust under the PLRA but rather that the Plaintiff has not presented a claim that is ripe for adjudication in the first place. It is a ripeness defense, not an exhaustion defense that the Defendant has asserted. They are separate and distinct defenses that serve differing purposes.

Indeed, federal courts have recognized, as the Defendant argues, that "[t]he doctrine of exhaustion is separate from the doctrine of ripeness." *Richardson v. Hamilton*, 2018 WL 107727, *3, n. 5 (D. Me. 2018). The Third Circuit has explained that "the doctrines of ripeness for adjudication and of exhaustion of administrative remedies are distinct and not interchangeable. While exhaustion is sometimes a jurisdictional prerequisite to a civil suit in a district court, ripeness is a product of the concept of justiciability. Ripeness concerns whether the legal issue at the time presented in court is sufficiently concrete for decision." *United States v. Lightcap*, 567 F.2d 1226, 1232 (3d Cir. 1977). (Citations omitted).

In particular, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). The Supreme Court has further explained that, with respect to administrative decisions, the ripeness doctrine seeks "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-149 (1967)*, overruled on other grounds*, *Califano v. Sanders*, 430 U.S. 99 (1977).

As the Defendant has shown, in response to the Step 1 Grievance, Warden Cohen correctly advised the Plaintiff that "[i]t has not been approved for inmates to wear a kufi outside

the institution." (ECF #1-1, p. 4). The Plaintiff, however, has not shown that he has taken the appropriate steps, as allowed by Section 4.7, to seek a change in the kufi policy to extend the practice of wearing a kufi, which is permitted within the institutions, to also be allowed outside of the institutions while on transport rides.

The Magistrate Judge, nonetheless, gives the Plaintiff a "pass" on the question of justiciability. The Plaintiff argued that Section 4.7 "does not apply to him" because he is not seeking a change in policy but rather seeks an "exception as applied to him." That seems to be nothing but semantics. In effect, the Plaintiff is seeking for SCDC to change its policy to address whether a Muslim inmate may wear a kufi outside of any institution just as he is permitted by policy to wear the kufi inside the institution. Section 4.7 is designed specifically to address an inmate's request for a "revision of either the beliefs and/or practices as listed in the Handbook." Until such a request is made and a decision rendered under Section 4.7, the claim is simply not ripe or justiciable. The fact that the Plaintiff complied with PLRA exhaustion (as the Magistrate Judge focused on) does not change that conclusion because ripeness and exhaustion, as the courts have recognized, are separate, distinct, and not interchangeable.

In addition to the Plaintiff's claims not being ripe given his failure to demonstrate compliance with Paragraph 4.7, the Plaintiff's own allegations do not demonstrate that he has been denied the opportunity to wear a kufi while on transport rides and certainly not at his current institution, which is now Trenton Correctional Institution. In moving for the preliminary injunction, the Plaintiff did not identify a single occasion where he attempted to wear a kufi during transport and was denied or even disciplined. More specifically, the Plaintiff has not shown that he has been denied the opportunity to wear a kufi on transport rides while at his current institution, which is Trenton, or even when he was at Wateree, which was his institution

when the motion was filed. Of note, the Plaintiff did file in support of his current motion an affidavit of Keyon Bowman, a fellow inmate at Wateree, who attests that "Darryl Louis recently went on a transportation ride on April 10, 2025 wearing his kufi." *See*, Bowman Aff., ¶ 12. (ECF #25-3, p.2). While the Plaintiff did not address any specific events at Wateree or Kirkland, he did concede in his affidavit that "[t]here was a few times I was permitted to wear my kufi w/o any conflict." *See*, Louis Aff., ¶ 13. (ECF #25-2, p. 2). Thus, the evidence fails to show that the Plaintiff has presented this Court with a justiciable claim for which he even has standing at this point.

The Plaintiff now attempts to supplement the record by submitting an additional declaration with his objections to the first Report and Recommendation. Nonetheless, even if that declaration is considered, it simply shows that the facts presented by the Plaintiff are inconsistent and in conflict and do not, at any rate, support his position that SCDC has adopted an unconstitutional policy. At best, it shows that some times he is able to wear the kufi on transport rides and some times he is not allowed to do so. That does not demonstrate an unconstitutional policy has been adopted or enforced or one that needs to be enjoined.

In order to succeed on his current motion seeking a preliminary injunction, the Plaintiff must be able to show that he is likely to succeed on the merits. The Plaintiff has not made that showing. To recap, the Plaintiff's evidence from Inmate Bowman demonstrates that he has not been denied wearing a kufi during transport rides while at Wateree. Moreover, the Plaintiff has not shown that the SCDC Religion Policy explicitly prohibits the wearing of a kufi outside the institution. Section 15 of the Al-Islam (Muslim) section of the Handbook allows the wearing of a kufi within an institution but does not address – either allowing or prohibiting – the practice on transport rides or outside an institution. Finally, the Plaintiff has certainly not shown that he has complied with the

dictates of Section 4.7 and sought an amendment to the Section 15 of the Al-Islam (Muslim) section of the Handbook to address that issue internally and without bringing that issue prematurely before this Federal Court.

Accordingly, based on the foregoing and the memorandum previously filed, the Court is respectfully requested to reject the Magistrate Judge's recommendation and to deny the Motion for Preliminary Injunctive Relief and Temporary Restraining Order for lack of justiciability.

Respectfully submitted,

LINDEMANN LAW FIRM, P.A.

BY: *s/ Andrew F. Lindemann*

ANDREW F. LINDEMANN #5070
5 Calendar Court, Suite 202
Post Office Box 6923
Columbia, South Carolina 29260
(803) 881-8920
Email: andrew@ldlawsc.com

*Counsel for Defendant Joel Anderson*

October 27, 2025