UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Darryl Keith Louis Jr.,) C/A No. 1:25-2958-BHH-SVH
        Plaintiff,      ) PLAINTIFF'S MOTION FOR
        v               )   SUMMARY JUDGEMENT
Joel Anderson,          )
        Defendant,      )

        To; Andrew F. Lindemann, attorney for the above-captioned defendant, Joel Anderson.

        The Plaintiff, Darryl Keith Louis Jr., B.K.A. "Sadiq", pursuant to "Local Rule 56(D.S.C.)", moves for Summary Judgment in his favor in this action. In support of this motion, Sadiq shows the following to the Court:

## PROCEDURAL BACKGROUND

        This matter is before the Court on Sadiq's Motion For Summary Judgment. On January 22, 2025, Sadiq sent an ARTSM (Automated Request To Staff Member), requesting to be permitted to wear his kufi on any/all transportation movements (rides). In response, Sadiq was informed "This is not allowed". Thereupon, Sadiq commenced with exhausting of the available state-agency remedies, namely Step-1 Grievance followed by a Step-2 Grievance. [See attachments to ECF !]

        Our Circuit holds, "that an inmate satifies the PLRA's exhaustion requirement by completing SCDC's grievance procedure through the Step-2 grievance". Louis v Stirling, ("Louis I") 2025 WL 758740 at #3 (D.S.C. March 11, 2025)(citing Wolfe v Shepard, No. 4:21-cv-0939-JD-TER, 2023 WL 2168732 at #1; see also Incumaa v Stirling, 2024 WL 4344743 at #12 (when prison officials "forego a rejection on procedural grounds and..... elect to research, analyze, and deny a claim on the merits, the purposes of the exhaustion requirements are satisfied.")(Citing Rinaldi v United States, 904 F.3d 257, 272 (3d Cir. 2018).

        Accordingly, Sadiq has demonstrated ~~that~~ a justiciable claim and that the instant case is ripe for adjudication, particularly due to SCDC choosing to deny Sadiq's request by the merits instead of by procedural deficiences.

pg. 1 of 4

On 6/13/25, Sadiq filed a motion for preliminary injunction and for temporary restraining order, and the defendant has filed a response. [ECF Nos 25, 32]. On 8/13/25, the magistrate issued a report and recommendation (R&R), recommending Sadiq's motion be denied. [ECF No. 36]. On 9/30/25, the district judge declined to rule on Sadiq's motion and instead recommitted the motion to the magistrate for further consideration, in light of Sadiq's objections to the R&R and his declaration in support of his objections, [see ECF No. 56]

Subsequently, the magistrate now recommends the district judge grant Sadiq's motion for injunctive relief. [ECF 58] The defendant has filed an objection to the magistrates R&R, and Sadiq has filed a response to the defendant's objection.

Now Comes Sadiq's Motion For Summary Judgment.

## FACTUAL HISTORY

The Plaintiff, Darryl Keith Louis Jr, better known as "Sadiq", proceeding pro se, sues Joel Anderson (defendant), Interim Director of the South Carolina Department of Corrections (SCDC). Sadiq challenges SCDC's policies forbidding the "wearing of a kufi at all times including while on 'transportation rides'", arguing these policies violate Sadiq's sincerely-held religious beliefs and the Religious Land Use Institutionalized Persons Act of 2000, 42 U.S.C. § 2000 et seq. (RLUIPA). [ECF No. 17 at 4].

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure (FRCP) states, a party who has moved for summary judgment:

The judgment sought shall be rendered, forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact(s) and that the moving party is entitled to judgment as a matter of law. FRCP 56(c). Accordingly, to prevail on a motion for Summary Judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact and (2) he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is "material" if proof of its existence or non-existence would effect disposition of the case under applicable law. Anderson v Liberty Lobby, Inc., 477 U.S, 242, 248 (1986).

An issue of material facts are "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. _Id._ at 257 When determining whether a genuine issue has been raised, the Court must **construe** all inferences and ambiguities against the movant and in favor of the non-moving party. _United States v. Diebold, Inc._ 369 U.S. 654, 655 (1962)

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. _Celotex Corp. v Catrett_, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. _Id._ at 324 Rather, the non-moving part must demonstrate that specific, material facts exist which give rise to a genuine issue. _Id._ under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the Summary Judgment motion. _Ross v Communications Satellite Corp._, 759 F. 2d 355, 365 (4th Cir, 1985)

"Only disputes over facts, that might effect the outcome of the suit under the governing law will properly preclude the entry of Summary Judgment. Factual disputes that are irrelevant or unnecessary will not be counted." _Anderson_, 477 U.S. at 248. Further, Rule 56(e) provides in relevant part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits, or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if ~~applicable~~ appropriate shall be entered against the adverse party. _FRCP 56(e)_ Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce the existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

To save the Court's time, Sadiq realleges/incorporates his arguments discussed in "Plaintiff's Memo in Support of Motion For Preliminary Injunction and Temporary Restraining Order (ECF 25-2 thru 11) herein verbatim, w/o waiving any citations, alternate

policies suggested, or inferences,

## MOOTNESS ISSUE

Since the filing of the Magistrates R&R, Sadiq has been on another transportation ride and was not allowed to wear his kufi during the ride. [see attached Supplemental Decl. of Sadiq at P. 2-4 ] Notwithstanding, that the Magistrate noted that Sadiq has "provided additional information, including undisputed evidence that he has been numerous times denied the opportunity to wear a kufi while on transport rides at his current institution, Wateree" (ECF 58 at pg. 5), Sadiq has addressed the mootness issue already in his Reply To Defendant's Memo. In Opposition To Plaintiff's Mot. For Prel'm. Inj. and Temp. Restraining Order (ECF 33). Sadiq realleges/incorporates that argument at Section "II" of that brief verbatim herein. [See ECF 33 at 3-8]

## RLUIPA STAGES

As the Magistrate has already pointed out, Sadiq "has submitted undisputed evidence that SCDC has substantially pressured him to modify his behavior and violate his beliefs." (ECF 58 at 10] Accordingly, Sadiq has met his initial burden.

Significant however, is that as it pertains to the second stage, the defendant has yet to address **any** of Sadiq's arguments that SCDC's kufi policy is not the least restrictive means of furthering a compelling governmental interest and that there are other feasible alternatives, also noted by the Magistrate. [see ECF 58 at 12]

WHEREFORE, based upon the foregoing, Sadiq respectfully requests the Court to Grant his Motion For Summary Judgment and **any** relief the Court deems just/appropriate.

11/3/2025

pg. 4 of 4

Darryl Louis Jr.
T-CI/3D-09
84 Greenhouse Rd.
Trenton, SC 29847