**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**AIKEN DIVISION**

| | | |
|---|---|---|
| Darryl Keith Louis, Jr., Plaintiff, | ) | Civil Action No. 1:25-2958-BHH-SVH |
| v. | ) | |
| Joel Anderson, Defendant. | ) | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

The Plaintiff Darryl Keith Louis, Jr. has filed a Motion for Summary Judgment. (ECF #75). The Defendant opposes that motion.

In response to the Plaintiff's motion, the Defendant reiterates and incorporates herein the arguments as set forth in his Motion to Dismiss or Alternatively for Summary Judgment and supporting memorandum that were timely filed on November 10, 2025. (ECF #32). That motion includes two primary arguments for the dismissal of the Plaintiff's Amended Complaint: First, the Plaintiff has not presented evidence that the Defendant has adopted a "religious policy prohibiting the Plaintiff from wearing a kufi at all times including while transportation rides," and accordingly, the Plaintiff has not demonstrated that the Defendant may be properly sued in his official capacity under the *Ex parte Young* stripping doctrine. Second, the Plaintiff has not demonstrated that he is pursuing a claim that is ripe for adjudication and hence justiciable.

Additionally, in his Motion for Summary Judgment, the Plaintiff fails to address the elements of a RLUIPA claim nor has he shown the absence of any material issue of genuine fact

in dispute. As a prime example, the Plaintiff has presented conflicting evidence as to whether he is generally permitted to wear a kufi on a transport trip. When he was at Wateree Correctional Institution, the Plaintiff filed an affidavit of Keyon Bowman, a fellow inmate at Wateree, who attested that "Darryl Louis recently went on a transportation ride on April 10, 2025 wearing his kufi." *See*, Bowman Aff., ¶ 12. (ECF #25-3, p. 2). The Plaintiff himself also filed an affidavit where he conceded that "[t]here was a few times I was permitted to wear my kufi w/o any conflict." *See*, Louis Aff., ¶ 13. (ECF #25-2, p. 2). However, he has now filed a declaration that states that on a transport ride that originated at Kirkland Correctional Institution, he was not permitted to wear his kufi. (ECF #75-1). There is obviously conflicting material evidence that the Plaintiff himself has presented.

Furthermore, the Plaintiff is now housed at Trenton Correctional Institution. His own allegations do not demonstrate that he has been denied the opportunity to wear a kufi on rides originating at Trenton Correctional Institution. Indeed, the Plaintiff has not amended his Amended Complaint to allege or identify a single occasion where he attempted to wear a kufi during transport while an inmate at Trenton Correctional Institution and was denied or even disciplined. He has likewise not alleged nor offered any evidence as to what the current practice is for transport rides at Trenton Correctional Institution.

In sum, the Defendant submits that he is entitled to a dismissal of this action for the reasons stated. However, if the Court disagrees and denies his motion, the Defendant submits that the Plaintiff's motion should likewise be denied. In short, if there exists a genuine issue of material fact that precludes the Defendant from receiving a dismissal or summary judgment, then there likewise exists a basis for proceeding to trial on the Plaintiff's claim as well.

For these reasons, the Court is respectfully requested to deny the Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

LINDEMANN LAW FIRM, P.A.

BY: *s/ Andrew F. Lindemann*

ANDREW F. LINDEMANN #5070
5 Calendar Court, Suite 202
Post Office Box 6923
Columbia, South Carolina 29260
(803) 881-8920
Email: andrew@ldlawsc.com

*Counsel for Defendant Joel Anderson*

December 1, 2025