IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Darryl Keith Louis, Jr., also known as Saddiq, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:25-cv-2958-BHH |
| v. | ) ) | **ORDER** |
| Joel Anderson, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Plaintiff Darryl Keith Louis, Jr., also known as Saddiq ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, sued South Carolina Department of Corrections' ("SCDC") Interim Director Joel Anderson, in his official capacity, alleging that SCDC's policy forbidding the "wearing [of] a kufi at all times including while on 'transportation rides'" violates the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*[1] (ECF No. 17 at 4.) Plaintiff seeks a "prohibitive injunction enjoining defendant and any/all SCDC staff from enforcing the religious policy upon me that prohibits me from wearing a kufi on transportation rides." (*Id.* at 6.)

Defendant filed a motion to dismiss for lack of jurisdiction or, alternatively, for summary judgment. (ECF No. 71). Plaintiff filed two motions for summary judgment. (ECF Nos. 75, 82.) Plaintiff filed a response in opposition to Defendant's motion, (ECF No. 85),

---

[1] RLUIPA forbids any "person acting under color of State law" from "impos[ing] a substantial burden on" an incarcerated person's "religious exercise" "unless the [defendant] demonstrates that the imposition of the burden" "is in furtherance of a compelling government interest; and is the least restrictive means of furthering that" interest. 42 U.S.C. §§ 2000cc-1(a), 2000cc-5(4)(A)(iii).

and Defendant filed a response in opposition to Plaintiff's first motion for summary judgment. (ECF No. 77). Plaintiff also filed a motion to appoint counsel. (ECF No. 68.)

Pursuant to the provisions of Title 28, U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), these pending motions were referred to a United States Magistrate Judge for consideration.

This matter is now before the Court for review of Magistrate Judge Shiva V. Hodges' Report and Recommendation ("Report"), which recommends that the Court deny without prejudice Plaintiff's motion to appoint counsel, deny Defendant's motion, grant Plaintiff's motions for summary judgment, and award Plaintiff the relief he seeks. (ECF No. 91.) Defendant filed objections to the Report, and the matter is ripe for review. (ECF No. 96.)

## **FACTUAL AND PROCEDURAL BACKGROUND**

The Report contains a detailed summary of this case and sets forth the correct legal standards. Because no party objects to these portions of the Report, the Court incorporates the procedural history, background, and legal standards from the Report without further recitation.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of a Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28

U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

### I.    Defendant's Objection on Ripeness Grounds[2]

In his motion to dismiss, Defendant argues that Plaintiff has not presented a RLUIPA claim that is justiciable and ripe for adjudication by this Court. (ECF No. 71.) The Magistrate Judge rejected this argument in her Report, finding that "Plaintiff has carried his burden to establish ripeness." (ECF No. 91 at 19.) Defendant objects to this finding and argues that "the Magistrate Judge committed several errors." (ECF No. 96 at 6.)

First, Defendant notes that, contrary to the Magistrate Judge's recommendation, there is no policy prohibition to enjoin because Plaintiff has not identified the policy "adopted or implemented by the Defendant Anderson that [Plaintiff] seeks to be enjoined." (*Id.*) Defendant states that the wearing of a kufi by Muslim inmates is only "addressed in Section 15 of the Al-Islam (Muslim) section of [the] Handbook[,] which is part of SCDC Policy PS-12.05 titled 'Inmate Religion,'" and, notably, Section 15 does not "explicitly address whether a kufi may be worn outside of an institution such as during transport." (*Id.*) Indeed, it is undisputed that Section 15 states, in relevant part: "Muslin inmates may wear a white kufi head covering throughout the facility, indoors and outdoors." (*Id.*) Thus,

---

[2] Given the Court's ruling herein, the Court does not address Defendant's other objections to the Report.

Defendant points out, "the current and existing policy is silent on the issue" before the Court. (*Id.*)

What is more, Defendant argues, is that "where new issues arise" – such as the issue of which Plaintiff complains – "SCDC Policy PS-12.05 [] provide[s] for a procedure for an inmate to request revisions to the religious practices as addressed in the Handbook." (*Id.*) Indeed, it is undisputed that Section 4.7 states:

> Recognized faith groups that request a revision of either the beliefs and/or practices as listed in the Handbook will submit the proposed change/request to the Chaplain at his/her institution with a complete description of the requested revision and supporting information from official written documents. The request will be reviewed by the Chaplain and forwarded to the Chief, Pastoral Care Services along with the recommendation of the institutional Chaplain. The request will be considered at the time of the policy's annual review.

(*Id.* at 6-7; *see* ECF No. 71-2 at 6.) But, here, Defendant notes, Plaintiff "has not pled nor presented proof that he has complied" with SCDC policy, and "there is no evidence that the Plaintiff has made a request for an amendment to Section 15 of the Al-Islam (Muslim) section of [the] Handbook." (*Id.* at 7.) As a result, Defendant contends that the Magistrate Judge erred in failing to conclude that Plaintiff's request for permanent injunctive relief is not ripe for adjudication. (*Id.*)

Defendant also argues that the Report "erroneously discounts" the decision in *Taylor v. Byars*, No. 1:11-915-TLW-SVH, 2012 WL 2149756 (D.S.C. 2012), *R&R adopted*, 2012 WL 2149761, *aff'd*, 490 F. App'x 603 (4th Cir. 2012). (*Id.*)

> In *Taylor*, an SCDC inmate alleged that he was a practitioner of the religion Shetaut Neter and "that Defendants have violated his rights by denying his request to have the religion recognized as an official faith in the SCDC." 2012 WL 2149756, [at] *1. While dismissing the case for failure to exhaust administrative remedies under the PLRA, this Court further recognized that the inmate "makes no allegation that he had initiated the process to seek official recognition of the religion, that the process outlined in SCDC Policy

4

> PS-10.05 was not complied with, or that Shetaut Neter has been denied official recognition by the acts of any SCDC officials." 2012 WL 2149756, [at] *3. That is, indeed, a specific reference to the application of Section 4.7 of SCDC Policy PS-12.05 and a ripeness defense, which can be confirmed by reference to the record in *Taylor*. In sum, contrary to the Magistrate Judge's reading, this Court in *Taylor* agreed that the plaintiff's claim was also not ripe for adjudication.

(*Id.* at 7-8.) Defendant then clarifies that he "is not arguing that the Plaintiff failed to exhaust under the dictates of the PLRA but rather that the Plaintiff has not presented a claim that is ripe for adjudication in the first place." (*Id.* at 8.)

Lastly, Defendant argues that the Magistrate Judge erred in her analysis of Plaintiff's evidence, which Defendant contends shows "[a]t best, . . . that some times Plaintiff is permitted to wear a kufi on transport rides and some times he is not allowed to do so." (*Id.* at 10.) But, Defendant argues, "[t]hat does not demonstrate an unconstitutional policy has been adopted or implemented or one that needs to be enjoined." (*Id.*)

## II.     This Court's *De Novo* Review

After *de novo* review, the Court finds that the record indisputably reveals that Plaintiff has not shown that SCDC's current "Inmate Religion" policy explicitly prohibits the wearing of a kufi outside of the institutions or that he has taken the appropriate steps, as dictated by Section 4.7, to seek a change to SCDC's current policy on wearing a kufi. Thus, the Court fully agrees with Defendant that "[u]ntil such a request is made [by Plaintiff] and a decision rendered under Section 4.7," Plaintiff's present claim is not ripe. (ECF No. 96 at 9.)

At its core, the concept of "ripeness" is rooted in the Constitutional limitation on the authority of federal courts to hear only "cases" and "controversies." U.S. Const., Art. III, § 2; s*ee also Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016), *as revised* (Feb. 9,

2016); *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 269 (4th Cir. 2013). Federal courts are not there to resolve abstract disagreements or give their opinion about speculative matters. *Permanent Gen. Assur. Corp. v. Moore*, 341 F. Supp. 2d 579, 581 (D.S.C. 2004).The focus of the ripeness inquiry is on "whether there yet is any need for the court to act." Wright, Miller & Cooper, Federal Practice and Procedure, § 3532.1 (2d ed. 1984). "The issue of ripeness entails an analysis considering the fitness of the issues before the court, as well as the hardship that the parties will experience if the court withholds consideration of the dispute." *Scoggins*, 718 F.3d at 270.

Here, Plaintiff has not yet given SCDC a chance to consider a request for amendment of the policy to allow Muslims to wear a kufi outside of its institutions, such as during transport rides. Until SCDC rejects or denies such a request and/or implements a specific policy prohibiting Muslims from wearing a kufi outside its institutions, such as during transport rides, there remains a question about SCDC's view and handling of the issue (as indeed confirmed by Plaintiff's own evidence in this case). In other words, because there has been no specific determination that a kufi cannot be worn during transport, the Court cannot say whether any hypothetical policy or even a denial of Plaintiff's amendment request would infringe on Plaintiff's religious practices in violation of RLUIPA. *Christian Methodist Episcopal Church v. Montgomery*, No. CIVA 4:94CV22322 RBH, 2007 WL 172496, at *7 (D.S.C. Jan. 18, 2007) (zoning context) (finding RLUIPA claim not ripe for adjudication where "the process has not even been followed by the landowners yet"); *see also State of Ohio ex rel. Scadden v. State of Ohio*, 2002 WL 452472, at *7 ("Our determination of such would be premature, given that appellants may file for a certificate of zoning compliance, which could still hypothetically be granted . . . .

6

Thus, given there has been no determination by any agency or tribunal that the zoning resolution prohibits the particular use in question, we cannot say whether any hypothetical prohibition would infringe on appellants' religious practices in violation of RLUIPA or any constitutional provisions."), *appeal not allowed*, 772 N.E.2d 1204 (Ohio App. 10 Dist. 2002); *Cain v. Michigan Dep't of Corr.*, No. 1:07-CV-543, 2011 WL 446050, at *1 (W.D. Mich. Feb. 1, 2011) (overruling Plaintiff's objection to the report, insisting that his grievance was denied at Step III, and holding that "[o]n the record before this court, no determination has been made whether Plaintiff may possess the requested items. Therefore, the claim is not ripe.").

In sum, the Court finds that the "controversy" is not yet final. Further, while denying judicial review on Plaintiff's claim may create a hardship, the Court finds that any hardship is relatively minor in comparison to the potential unwarranted intrusion by the federal courts into the State's operation of its prisons were the Court to grant injunctive relief on this incomplete record. Accordingly, the Court sustains Defendant's ripeness objection to the Report and agrees that this matter is not yet ripe for adjudication.

## CONCLUSION

For the reasons set forth herein, the Court respectfully **declines to adopt** the Magistrate Judge's Report issued on February 4, 2026 (ECF No. 91); the Court **sustains** Defendant's ripeness objections (ECF No. 96); the Court **grants** Defendant's motion to dismiss (ECF No. 71) because Plaintiff's RLUIPA claim is not yet ripe; and the Court **finds moot** Plaintiff's motion to appoint counsel and motions for summary judgment (ECF Nos. 68, 75, 82).

Additionally, the Court respectfully **declines to adopt** the portion of the Magistrate Judge's Report issued on October 6, 2025, (ECF No. 58), which recommends that the Court grant Plaintiff's motion for preliminary injunction and temporary restraining order. Instead, given the Court's findings herein, the Court **denies** Plaintiff's motion for preliminary injunction and temporary restraining order (ECF No. 25).

Accordingly, this case is hereby **dismissed without prejudice**.

**IT IS SO ORDERED.**

 /s/ Bruce Howe Hendricks
United States District Judge

March 26, 2026
Charleston, South Carolina